**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division**

| | |
|---|---|
| IN RE: | ) |
| | ) |
| Waterfront Lumber Co., Inc. | )   Chapter 7 |
| | )   Case No. 17-50911-FJS |
| Debtor. | ) |

**TRUSTEE'S MOTION TO SELL ESTATE PROPERTY FREE AND CLEAR OF LIENS
AND TO PAY AUCTIONEER COMMISSIONS AND EXPENSES;
MEMORANDUM OF POINTS AND AUTHORITIES**

David R. Ruby, Chapter 7 trustee (the "Trustee") for the bankruptcy estate of Waterfront Lumber Co., Inc. (the "Debtor"), respectfully requests the Court's authority (i) to sell certain property of the bankruptcy estate free and clear of all liens, interests and encumbrances pursuant to §§ 363(b)(1) and 363(f) of the United States Bankruptcy Code (the "Code"), Fed. R. Bankr. P. 2002(a)(2), (c)(1) and (k), 6004(a) and (c) and 9014 and Local Rules 6004-2 and 9013-1 and (ii) to pay auctioneer commissions and expenses from sale proceeds pursuant to § 330 of the Code. In support thereof, the Trustee respectfully represents as follows:

**Introduction and Background**

1.   On June 26, 2017 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of the Code. The Trustee has been appointed and serves as the Chapter 7 trustee in this case.

---

David R. Ruby, Esquire (VSB #22703)
Chapter 7 Trustee
*Thompson*McMullan, P.C.
100 Shockoe Slip, Third Floor
Richmond, Virginia 23219
Telephone: (804) 698-6220
Facsimile: (804) 780-1813
Email: druby@t-mlaw.com

2. Prior to the Petition Date, the Debtor conducted business as a full-service building supply company offering custom molding, millwork and doors and product delivery. The Debtor conducted business at 1200 Jefferson Avenue, Newport News, VA 23607 (the "Premises").

3. The bankruptcy estate consists, in part, of the following property: (i) thirteen (13) vehicles (the "Vehicles")[1] and (ii) fixtures, including certain heavy industrial and mill shop equipment (the "Fixtures"). (Hereinafter, the Vehicles and Fixtures are sometimes referred to collectively as the "Sale Assets"). A schedule of the Sale Assets is attached hereto as **Exhibit "A."** The Sale Assets are located at the Premises.

4. The Sale Assets constitute valuable property of the bankruptcy estate, and the Trustee desires to liquidate the Sale Assets for the benefit of the estate.

5. Pursuant to the Court's Order Authorizing Employment of Auctioneer-Sales Agent entered October 23, 2017 (Doc. 50), the Trustee has employed Downtown Auction Company of Norfolk, VA (the "Auctioneer") to serve as the Trustee's auctioneer-sales agent to sell the Sale Assets.

### The BB&T Collateral and Joint Efforts with BB&T

6. Branch Banking and Trust Company ("BB&T") holds a blanket lien against certain Debtor personal property assets, including inventory and equipment (collectively, the "BB&T Collateral"). Pursuant to the Court's Order Authorizing Abandonment of Estate Property entered September 28, 2017 (Doc. 43) (the "Abandonment Order"), the Trustee has abandoned most of the BB&T Collateral.

7. The Sale Assets are not subject to BB&T's blanket lien and do not constitute a portion of the BB&T Collateral.

---

[1] Three of the Vehicles are inoperative, but may have parts value.

8.  The BB&T Collateral is located at the Premises, together with the Sale Assets. The Trustee and BB&T are working together and coordinating joint sale efforts of the Sale Assets and the BB&T Collateral through the Auctioneer. The Trustee believes that doing so allows the Auctioneer to provide cost-savings to the estate, principally in connection with advertising and marketing costs. Further, the Trustee believes that combining the sale of the Sale Assets with the BB&T Collateral creates a larger market for the Sale Assets and the opportunity for greater returns.

9.  The Trustee and BB&T have reviewed the Schedule of Sale Assets very carefully, have consulted with the Auctioneer and recognize that there is some confusion as to whether certain pieces of property fall into the Sale Assets or BB&T Collateral category. The Auctioneer estimates the value of the property in question to be in the $24,000.00 - $35,000.00-range. To avoid spending time, effort and resources fighting over assets likely to have a relatively small value in comparison with the aggregate value of the estate and likely to have a relatively small impact to the estate and to avoid delay, the Trustee and BB&T have agreed to share the net proceeds from the sale of such property (gross proceeds less commissions) as reflected in the Schedule of Sale Assets attached as **Exhibit "A."**

10. **BB&T has consented to the relief requested in this Motion and sale of the Sale Assets free and clear of any interest it may claim.**

### Proposed Auction Sale Process

11. The Auctioneer believes that the most cost-effective way to liquidate the Sale Assets is to conduct an on-site live auction at the Premises (the "Auction"). Auction efforts are tentatively scheduled to take place as follows:

| **Date** | **Action/Activity** |
|---|---|
| October 23, 2017 | Advertising/marketing efforts commence. To include (i) newspaper and other hard-print advertising, (ii) emails to contact list of approximately 250 qualified purchasers from prior/similar auctions, (iii) Craig's List postings in five (5) different cities, (iv) telefaxes to contact list of approximately 50 wholesalers of heavy and industrial equipment, (v) postings with AuctionZip, a website for equipment purchasers, (vi) promotion on Auctioneer's website, (vii) communications with various businesses listed in the Blue Book of Building and Construction and (viii) signage. |
| November 28, 2017 | Open house/preview. Otherwise, viewings and inspections by appointment. |
| November 29, 2017, commencing at 10:30 a.m. | Live on-site auction at the Premises. |

**General Terms**
All cash; "AS IS".

**Post-Auction Sales/Disposition**
Items not sold at the Auction may be (i) offered for sale and sold by the Auctioneer to such purchasers, at such prices and on such terms or (ii) otherwise disposed of as the Trustee shall determine and authorize utilizing his reasonable business judgment and in the interests of the bankruptcy estate. Such post-Auction efforts may include private sales, discarding and/or abandonment of Sale Assets. The Auctioneer shall be entitled to a seller's commission on all post-auction sales. (The Auctioneer also may be entitled to a buyer's premium, but only if a buyer's premium is actually charged.) (Hereinafter, references to the "Auction" shall also include post-Auction sales and other disposition of Sale Assets.)

**Modified Sales Efforts**
The Trustee reserves the right to modify the above schedule and other details of the Auction utilizing his reasonable business judgment and in the interests of the bankruptcy estate, including the right to exclude Sale Assets from the Auction, to reject bids and offers and to cancel the Auction. In such regard and in addition, the Auctioneer is marketing the Sale Assets to potential purchasers who may be interested in buying the Sale Assets, in whole or in part, in bulk. Should the Auctioneer present to the Trustee one or more acceptable offers for Sale Assets outside of the Auction context, the Trustee shall seek the Court's approval for such offer(s) in one or more separate motions.

12. The Trustee seeks the Court's authority to compensate and reimburse the Auctioneer on the following terms and conditions:

**Commissions[2]**
Auctioneer commissions to be twenty percent (20%) of the gross sales price of the Sale Assets earned upon receipt of good funds from the sale of the Sale Assets -- ten percent (10%) as a buyer's premium and ten percent (10%) as a seller's commission.

**Estimated Expenses[2]**
Newspaper advertising:  $1,250.00.
Mechanic's labor for testing vehicles and determining if vehicles in running order:  $500.00.
Miscellaneous additional expenses as needed:  $500.00 - $1,000.00.

## Authority and Argument

### Statutory Requisites

13. Section 363(b)(1) of the Code provides that the "trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."

14. Section 363(f) of the Code provides, in part, as follows:

> The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if –
> . . .
> (2)  such entity consents;
>
> (3)  such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property . . . .

15. The estate holds the Sale Assets free and clear of liens and interests, subject to the following:

(a) The City of Newport News holds tax liens against some or all of the Vehicles. **All verified tax liens will be paid in full in conjunction with the Auction.**

---

[2] Auctioneer to advance estimated expenses subject to reimbursement.  Reimbursement of expenses subject to submission of receipts.   Seller's commission shall be computed prior to addition of the buyer's premium.  For purposes of clarity, neither buyer's premiums nor seller's commissions shall be included in the calculation of gross sales price.

5

    (b)    The Sale Assets are not subject to BB&T's blanket lien and do not constitute a portion of the BB&T Collateral.

    The Trustee and BB&T recognize that there is some confusion as to whether certain pieces of property fall into the Sale Assets or BB&T Collateral category. The Trustee and BB&T have agreed to share the net proceeds from the sale of such property (gross proceeds less commissions) as reflected in the Schedule of Sale Assets attached as Exhibit "A". **BB&T has consented to the relief requested in this Motion and sale of the Sale Assets free and clear of any interest it may claim.**

16.     The Trustee believes that the Auction will maximize value to the estate in an efficient, cost-effective manner, that the proposed commissions are reasonable and necessary, that estimated expenses and charges are reasonable and necessary, that all is based on the Trustee's sound business judgment and that the Sale is in the best interests of the bankruptcy estate.

### Procedural Requisites

17.     Fed. R. Bankr. P. 2002(a)(2), (c)(1) and (k), 6004(a) and (c) and 9014 and Local Rules 6004-2 and 9013-1 provide that notice of a public sale, containing (i) the time and place of the public auction sale, (ii) a general description of the property being sold, (iii) the time within which objections must be filed and (iv) the time and date of the scheduled hearing, is to be served not less than twenty-one (21) days prior to the proposed sale on the Debtor, Debtor's counsel, the Trustee, Trustee's counsel, the Auctioneer, the United States Trustee, all creditors and indenture trustees and all parties claiming a lien or other interest in the property to be sold. (There are no indenture trustees in this case.) Such required notice has been filed with the Court and served on appropriate parties. A copy of the notice is attached hereto as **Exhibit "B"**.

18. Section 102(1) of the Code provides that the phrase "after notice and hearing" is construed to mean appropriate notice and an opportunity for a hearing. Furthermore, § 102(1)(B)(i) of the Code authorizes an act without an actual hearing if proper notice is provided and a hearing is not requested timely by a party in interest. Thus, if no objections are filed within twenty-one (21) days of the mailing of this motion and notice advising parties of the time within which objections may be filed and the other required information, the need for a hearing is obviated and the Trustee will submit to the Court a proposed Order granting the requested relief without further notice or hearing in the form of the proposed Order attached hereto as **Exhibit "C"**. In the event timely objections are filed, the Trustee will schedule a hearing and provide notice of the hearing to appropriate parties.

19. No hearing is requested at this time.

WHEREFORE, the Trustee respectfully requests the Court to authorize the sale of the Sale Assets and payment of commissions and expenses pursuant to the proposed Order attached hereto as **Exhibit "C"** and to grant such other and further relief as the Court shall deem just and proper.

                                            Respectfully submitted,

                                            /s/ David R. Ruby
                                         David R. Ruby, Chapter 7 Trustee

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 26th day of October, 2017, a true and accurate copy of the foregoing Motion, together with exhibits, was served by first class U.S. Mail (postage prepaid), via e-mail or via the Electronic Case Filing (ECF) system, as appropriate and as indicated, on the following parties, being the Debtor, Debtor's counsel, the Trustee, Trustee's counsel, the Auctioneer, the United States Trustee and all parties claiming a lien or other interest in the property proposed to be sold:

Cecelia A. Weschler, Esquire*
Office of the United States Trustee
200 Granby Street, Room 625
Norfolk, Virginia 23510
[Cecelia.A.Weschler@usdoj.gov]
[USTPRegion04.NO.ECF@usdoj.gov]

David R. Ruby, Esquire*
ThompsonMcMullan
100 Shockoe Slip, Third Floor
Richmond, Virginia 23219
[Trustee]

Kelly M. Barnhart, Esquire*
Roussos, Glanzer & Barnhart, PLC
580 E. Main St., Ste. 300
Norfolk, VA 23510
[Trustee's counsel]

Mr. Edward Zedd
Downtown Auction Company
201 Westover Ave. Unit # 203
Norfolk, Virginia 23507
[Auctioneer]

W. Greer McCreedy, II, Esquire*
The McCreedy Law Group, PLLC
413 West York Street
Norfolk, Virginia 23510
[Debtor's counsel]

Charles R. Anderson Jr.
1408 Tartan Lane
Hampton, VA 23663
[Debtor's representative]

BB&T Bankruptcy
100-50-01-51
PO Box 1847
Wilson, NC 27894-1847

Peter M. Pearl, Esquire*
Spilman Thomas & Battle, PLLC
P. O. Box 90
Roanoke, Virginia 24002
[BB&T counsel]

Britteny N. Jenkins, Esquire*
Spilman Thomas & Battle, PLLC
310 First Street, Suite 1100
Roanoke, VA 24002
[BB&T counsel]

Joseph M. DuRant, Esquire*
City of Newport News
Office of the City Attorney
2400 Washington Ave., 9th Floor
Newport News, VA 23607
[Deputy City Attorney, City of Newport News, VA]

                                        /s/David R. Ruby
                                          David R. Ruby

[* Indicates service by ECF or e-mail.  All others served by first class U.S. Mail, postage prepaid.]

**Exhibit "A" – Schedule of Sale Assets**

**Vehicles**:

| | |
|---|---|
| 1997 International 4900 Box Truck | The following vehicles are inoperable/parts value only: |
| 1995 International 4700 Box Truck | 1992 International Flat Bed Truck |
| 1995 International 4700 Box Truck | 1980 GMC Box Truck |
| 1987 Ford F8000 Flat Bed Truck | 1987 Ford Box Truck |
| 1992 International Flat Bed Truck | |
| 1993 Ford F-700 Box Truck | |
| 1994 Ford F-150 Pick Up | |
| 1999 Ford F-150 Pick Up | |
| 2001 Ford F-150 Pick Up | |
| 2004 Ford F-250 Pick Up | |

**Fixtures (Net Proceeds split 80% to Estate and 20% to BB&T)**:
US-Concepts router model # SER-4003120 FAS-LX
24 inch Buss Machineworks planer
48 inch Timesaver speed belt sander Model # 234-1
Delta table saw secured to the floor
Tops table saw
48" Timesaver Speed belt sander
Sutton wood drill/borer model # SER-1507559
Powermatic groover model # 400
Oakley sander model # H-8
Newman router/sander model # 31
American disc sander model # 2
Large belt sander ( handmade )
12" Large jointer
Table sander model # K-16
Co-matic feeder model # AF-38
Yates belt saw model # Y-36
Porter shaper model #203
Yates shaper model # B-10715
Altendorf plywood table saw model # F-45
Ritter trimmer/groover model # R-19F3
Adwood series 200 edgebander
Yates 4 head moulding machine
Automatic screw feeder model # SA -12
Hanchett metal sharpener (large unit)
Norfield door machine
Norfield table overhead router
Madison straight line rip saw model # 404
Madison 4 head planer with Toshiba speed drive
Yates 4 head moulding unit

**Fixtures (Net Proceeds split 50-50 Between Estate and BB&T):**
ZDH refrigerated line dryer unit
Jet Dual sawdust filter & collector
Rockwell radius saw (large table saw)
(3) Air compressors: (1) Bliss (1) Quincy and (1) Ingersoll-Rand (still attached)
All metal pallet and storage type shelving
Large antique double door safe (opened)