**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| Waterfront Lumber Co., Inc. ) | Case No. 17-50911-FJS |
| ) | Chapter 7 |
| Debtor. ) | |

**ORDER AUTHORIZING TRUSTEE TO SELL STOCK**
**AND GRANTING RELATED RELIEF**

This matter comes before the Court on the Trustee's Motion to Sell Stock and for Related Relief and Memorandum of Points and Authorities (the "**Motion**") filed with the Court on May 29, 2022 by David R. Ruby, Chapter 7 trustee (the "**Trustee**") for the bankruptcy estate of Waterfront Lumber Co., Inc. (the "**Estate**").

The Motion was filed pursuant to §§ 105 and 363(b)(1) of the United States Bankruptcy Code (the "**Code**"), Fed. R. Bankr. P. 2002(a)(2), (c)(1) and (k), 6004(a) and 9014 and Local Rules 2002-1, 6004-2 and 9013-1.

In the Motion, the Trustee requests the Court (i) to authorize the Trustee to sell 2,260 shares of UNUM Group stock (the "**Stock**") owned, held and/or controlled by Waterfront Lumber Co., Inc. (the "**Debtor**") as of the commencement of the case and constituting valuable property of the Estate; (ii) to authorize the Trustee to utilize Computershare, UNUM Group's transfer agent, to sell the Stock; (iii) to authorize the Trustee to take such action as he shall deem necessary or appropriate in connection with the Stock and to evidence, give effect to or consummate the contemplated transactions, including, but not limited to, the preparation,

---

David R. Ruby, Esquire (VSB No. 22703)
Chapter 7 Trustee
*Thompson*McMullan, P.C.
100 Shockoe Slip, Third Floor
Richmond, Virginia 23219
Telephone: (804) 698-6220
Facsimile: (804) 780-1813
Email: druby@t-mlaw.com

execution, delivery and issuance of notices, instructions, letters of instruction, directions, transfer documents, instruments and agreements, to prepare and submit one or more lost stock affidavits, to procure a lost securities surety bond for the benefit of Computershare, to obtain a Medallion Signature Guarantee and to pay such reasonable costs, expenses, charges, fees and commissions as shall be incurred in connection with the foregoing and (iv) to waive the fourteen (14)-day stay otherwise applicable pursuant to Fed. R. Bankr. P. 6004(h).

Pursuant to Fed. R. Bankr. P. 2002(a)(2), (c)(1) and (k) and 6004(a) and Local Rules 6004-2 and 9013-1, the Trustee filed the Motion with the Court and served the Motion, together with attached exhibits, on the appropriate parties on May 29, 2022. On the same day and pursuant the foregoing rules, the Trustee filed with the Court and served on the appropriate parties a Notice of Motion and Intent to Sell Estate Property and Notice of Period Within Which Objections May be Filed (the "**Notice**"). The Notice contained all required information and notices, including (i) the estimated value and cost of and timetable and means for implementing the proposed transactions; (ii) a general description of the property being sold; and (iii) notice of the 21-day period within which objections must be filed. The Notice also provided that if no objections were filed within the 21-day period, the Court may issue an Order granting the relief requested in the Motion without further notice or hearing.

Section 363(b)(1) of the Code provides that the Court may approve a sale of property of the estate other than in the ordinary course of business after notice and a hearing.

Fed. R. Bankr. P. 2002(a)(2) requires that at least twenty-one (21) days' notice of a proposed sale of property must be served on the Parties.

The 21-day period within which objections may be filed expired on June 21, 2022, with no objections or responses having been filed.

No party claims a lien or other interest in the Stock.

IT APPEARING THAT the proposed transactions are in the best interests of the Estate and the Debtor's creditors, that the transactions, process and procedures recommended by the Trustee are reasonable and that they are based upon the Trustee's sound business judgment;

IT APPEARING THAT the proposed sale satisfies the statutory requirements of § 363(b)(1) of the Code, as well as notice and other requirements of applicable federal and local bankruptcy rules, including, but not limited to, Fed. R. Bankr. P. 2002; and

UPON DUE CONSIDERATION AND FOR GOOD CAUSE SHOWN;

THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334. Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O).

2. Capitalized terms used in this Order that are not otherwise defined in the Order shall have the same meanings as ascribed to them in the Motion.

3. The statutory bases and requirements for the relief requested in the Motion, as well as requirements of applicable federal and local bankruptcy rules, have been satisfied.

4. All required, applicable and appropriate parties have been served with the Motion and Notice pursuant to applicable provisions of the Code and federal and local bankruptcy rules, such notice is deemed sufficient and no further notice is required.

5. The Motion is hereby granted and approved.

6. The Trustee is hereby authorized to sell the Stock and to utilize Computershare to sell the Stock.

7.  The Trustee is hereby authorized to take such action as he shall deem necessary or appropriate in connection with the Stock and to evidence, give effect to or consummate the contemplated transactions, including, but not limited to, the preparation, execution, delivery and issuance of notices, instructions, letters of instruction, directions, transfer documents, instruments and agreements, to prepare and submit one or more lost stock affidavits, to procure a surety bond for the benefit of Computershare and to obtain a Medallion Signature Guarantee.

8.  The Trustee is hereby authorized to pay from Estate funds such reasonable costs, expenses, charges, fees and commissions as shall be incurred in connection with the foregoing.

9.  The fourteen (14)-day stay otherwise applicable pursuant to Fed. R. Bankr. P. 6004(h) is hereby waived.

Date: Jun 23 2022

/s/ Frank J Santoro

Frank J. Santoro, Chief Judge
United States Bankruptcy Court
for the Eastern District of Virginia

Entered on Docket: June 23, 2022

WE ASK FOR THIS:

/s/ *David R. Ruby*
David R. Ruby, Chapter 7 Trustee

**Certificate of Compliance with Local Rule 9022-1**

Pursuant to Local Rule 9022-1(C), I hereby certify that the foregoing Order has been served on and/or endorsed by all necessary parties.

/s/ *David R. Ruby*
David R. Ruby

4

**PARTIES TO RECEIVE COPIES**

Cecelia A. Weschler, Esquire
Office of the U.S. Trustee
Room 625, Federal Building
200 Granby Street
Norfolk, Virginia 23510

David R. Ruby, Esquire
*Thompson*McMullan, P.C.
100 Shockoe Slip, Third Floor
Richmond, Virginia 23219

Kelly M. Barnhart, Esquire
Roussos & Barnhart, PLC
500 E. Plume Street, Suite 503
Norfolk, VA 23510

Barry I. Strickland, CPA
Barry Strickland & Company, CPAs
P O Box 9228
Richmond, VA 23227

W. Greer McCreedy, II, Esquire
The McCreedy Law Group, PLLC
413 West York Street
Norfolk, Virginia 23510

Charles R. Anderson Jr.
1408 Tartan Lane
Hampton, VA 23663